UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: NEEDLES, ERIC D. § Case No. 11-03629
  NEEDLES, MICHELLE L. §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on January 31, 2011. The undersigned trustee was appointed on January 31, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of      $     11,810.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]   $ | 11,810.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (05/1/2011)

6. The deadline for filing non-governmental claims in this case was 07/21/2011 and the deadline for filing governmental claims was 07/30/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,931.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,931.00, for a total compensation of $1,931.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $83.60, for total expenses of $83.60.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/12/2011        By:/s/CHARLES J. MYLER
                              Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

UST Form 101-7-TFR (05/1/2011)

Exhibit A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 11-03629  
Case Name: NEEDLES, ERIC D.  
NEEDLES, MICHELLE L.  
Period Ending: 08/12/11

Trustee: (330510) CHARLES J. MYLER  
Filed (f) or Converted (c): 01/31/11 (f)  
§341(a) Meeting Date: 03/21/11  
Claims Bar Date: 07/21/11

| Ref.# | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 1155 Woodland Hills Road, Batavia IL 60510, valu<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 256,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 2 | 20 S. Huffman Street, Naperville, IL 60540, valu<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 290,000.00 | 0.00 | DA | 0.00 | 0.00 |
| 3 | 712 Geneva Ave., Romeoville, IL 60446, value per<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 111,000.00 | 0.00 | DA | 0.00 | 0.00 |
| 4 | Cash<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 50.00 | 0.00 | DA | 0.00 | 0.00 |
| 5 | ING Savings Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 10.00 | 0.00 | DA | 0.00 | 0.00 |
| 6 | Chase Checking Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 100.00 | 0.00 | DA | 0.00 | 0.00 |
| 7 | Chase Checking Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 13.00 | 0.00 | DA | 0.00 | 0.00 |
| 8 | Chase Checking Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 10.00 | 0.00 | DA | 0.00 | 0.00 |
| 9 | Chase Checking Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 100.00 | 0.00 | DA | 0.00 | 0.00 |
| 10 | Household goods and furniture<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 1,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 11 | Clothing<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 17 | 500.00 | 0.00 | DA | 0.00 | 0.00 |
| 12 | Jewerly<br>Orig. Asset Memo: Imported from original petition | 500.00 | 0.00 | DA | 0.00 | 0.00 |

Printed: 08/12/2011 12:48 PM    V.12.57

Exhibit A

Page: 2

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 11-03629
Case Name: NEEDLES, ERIC D.
NEEDLES, MICHELLE L.
Period Ending: 08/12/11

Trustee: (330510) CHARLES J. MYLER
Filed (f) or Converted (c): 01/31/11 (f)
§341(a) Meeting Date: 03/21/11
Claims Bar Date: 07/21/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Doc# 1; Imported from Amended Doc#: 17 | | | | | |
| 13 | Whole Life Insurance Policy through Bakers Life<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 156.00 | 156.00 | DA | 0.00 | 0.00 |
| 14 | Whole Life Insurance Policy through Banker Life<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 2,120.00 | 2,120.00 | DA | 0.00 | 0.00 |
| 15 | Term Life Insurance through Bankers Life and Cas<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 16 | Term Life Insurance Policy through Bankers Life<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 17 | IRA through Bankers Life and Casualty Company<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 4,627.00 | 0.00 | DA | 0.00 | 0.00 |
| 18 | 100% interest in ERN Logistics, Inc.<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 19 | 2009 Hyundai Sonata with 50,000 miles<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 12,910.00 | 463.00 | DA | 0.00 | 0.00 |
| 20 | 2005 Jeep Liberty Renegade with 80,000 miles val<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 17 | 8,745.00 | 3,945.00 | DA | 0.00 | 0.00 |
| 21 | 2010 Tax Refund of $11,810.00.<br>Orig. Asset Memo: Imported from Amended Doc#: 17; Original petition value: 8745.00; Original asset description: 2005 Jeep Liberty Renegade with 80,000 miles val; Original exemption amount: 4800.00 | 11,810.00 | 11,810.00 | | 11,810.00 | FA |
| 21 | Assets    Totals (Excluding unknown values) | $700,651.00 | $18,494.00 | | $11,810.00 | $0.00 |

Major Activities Affecting Case Closing:

Trustee will collect tax refund

Printed: 08/12/2011 12:48 PM    V.12.57

Exhibit A

Page: 3

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 11-03629  
Case Name: NEEDLES, ERIC D.  
NEEDLES, MICHELLE L.  
Period Ending: 08/12/11

Trustee: (330510)  CHARLES J. MYLER  
Filed (f) or Converted (c): 01/31/11 (f)  
§341(a) Meeting Date: 03/21/11  
Claims Bar Date: 07/21/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Initial Projected Date Of Final Report (TFR):   September 30, 2011        Current Projected Date Of Final Report (TFR):   September 30, 2011

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 11-03629 | | Trustee: | CHARLES J. MYLER (330510) |
|---|---|---|---|---|
| Case Name: | NEEDLES, ERIC D. | | Bank Name: | The Bank of New York Mellon |
| | NEEDLES, MICHELLE L. | | Account: | 9200-******19-65 - Money Market Account |
| Taxpayer ID #: | **-***5049 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 08/12/11 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 08/03/11 | {21} | Keenan Law Offices IOLTA Acct. | Tax refund | 1124-000 | 11,810.00 | | 11,810.00 |
| | | | ACCOUNT TOTALS | | 11,810.00 | 0.00 | $11,810.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 11,810.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $11,810.00 | $0.00 | |

Net Receipts: 11,810.00
Net Estate: $11,810.00

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # 9200-******19-65 | 11,810.00 | 0.00 | 11,810.00 |
| | $11,810.00 | $0.00 | $11,810.00 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-03629
Case Name: NEEDLES, ERIC D.
Trustee Name: CHARLES J. MYLER

**Balance on hand:** $ 11,810.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 11,810.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - CHARLES J. MYLER | 1,931.00 | 0.00 | 1,931.00 |
| Trustee, Expenses - Charles J. Myler | 83.60 | 0.00 | 83.60 |
| Attorney for Trustee, Fees - Myler, Ruddy & McTavish | 4,160.00 | 0.00 | 4,160.00 |

Total to be paid for chapter 7 administration expenses: $ 6,174.60
Remaining balance: $ 5,635.40

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 5,635.40

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

UST Form 101-7-TFR (05/1/2011)

|   |   |   |   |
|---|---|---|---|
| Total to be paid for priority claims: | | $ | 0.00 |
| Remaining balance: | | $ | 5,635.40 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 99,960.05 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 5.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | 4,770.66 | 0.00 | 268.96 |
| 2 | Chase Bank USA, N.A. | 24,653.35 | 0.00 | 1,389.87 |
| 3 | Chase Bank USA, N.A. | 8,137.78 | 0.00 | 458.78 |
| 4 | PYOD LLC its successors and assigns as assignee of | 33,380.76 | 0.00 | 1,881.89 |
| 5 | American Express Centurion Bank | 11,661.78 | 0.00 | 657.45 |
| 6 | GE Money Bank | 1,423.54 | 0.00 | 80.25 |
| 7 | FIA Card Services, NA/Bank of America | 15,932.18 | 0.00 | 898.20 |

|   |   |   |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 5,635.40 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|   |   |   |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

UST Form 101-7-TFR (05/1/2011)

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)